UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL ROBERT QUISENBERRY,

    Plaintiff,

v.                                                  Case No. 08-C-306

UNION GOSPEL MISSION,

    Defendant.

## ORDER

    Plaintiff Robert Daniel Quisenberry has filed a complaint and a motion to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

    The court, however, maintains a duty to "screen" all complaints to ensure that they comply with the Federal Rules of Civil Procedure and that they state at least plausible claims for which relief may be granted. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1966 (2007) (citing 5 Wright & Miller § 1216, at 233-234); *see also Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F. Supp. 2d 986, 995 (N.D. Ill. 2003) (Posner, J., sitting by designation) ("Some threshold of plausibility must be crossed at the

outset . . . ."). In reviewing the sufficiency of a complaint, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, as a preliminary matter, I note that Quisenberry has not signed his proposed complaint. His affidavit of indigence is only partially complete, and also lacks his required signature. Therefore, both documents are deficient. More importantly, Quisenberry's allegations are utterly incoherent, and it is impossible for the court to decipher the basis of his complaint.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise and direct." The Seventh Circuit has held,

> The primary purpose of these provisions is rooted in fair notice: Under Rule 8, a complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is. . . . A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (internal quotation omitted). Thus, the complaint fails to state a claim for which relief may be granted, and does not allow the defendant to discern what claims are being brought against it. Accordingly, Quisenberry's motion to proceed *in forma pauperis* is denied, and this case is dismissed without prejudice.

**SO ORDERED** this 16th day of April, 2008.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge